UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CLINTON B. MACKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00407-TWP-DLP |
| | ) | |
| CORIZON HEALTH LLC, | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| SAMUEL J. BYRD M.D., | ) | |
| MARY A. CHAVEZ D.O., | ) | |
| BARBRA RIGGS R.N., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY SCREENING COMPLAINT AND DIRECTING ISSUANCE OF PROCESS**

Plaintiff Clinton Mackey is an inmate confined at Pendleton Correctional Facility (PCF) and is therefore a "prisoner" as defined by 28 U.S.C. § 1915(h). Consequently, this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as Mr. Mackey's are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. Discussion of Claims

The complaint alleges that Mr. Mackey entered the custody of the Indiana Department of Correction (IDOC) at Wabash Valley Correctional Facility (WVCF) in August 2015. When he arrived at WVCF, Mr. Mackey had been experiencing pain and various urological symptoms, including frequently needing to urinate, frequently waking up at night to urinate, difficulty urinating, and ejaculation during bowel movements. The complaint concerns the course of medical treatment Mr. Mackey received (or did not receive) as these symptoms persisted from August 2015 through the time he filed the complaint in February 2018. During this time, Mr. Mackey was confined either at WVCF or PCF.

According to the complaint, tests performed during this time confirmed that Mr. Mackey had an enlarged prostate, that his condition was neurogenic, and that his bladder did not void completely during urination. Despite numerous requests, the medical staff did not refer Mr. Mackey for outside treatment until August 2016, at which time he saw a nurse practitioner. It is not clear whether Mr. Mr. Mackey has seen a urologist.

The complaint indicates that Mr. Mackey was provided some medication for his symptoms. However, he was not provided with any medication for his pain until December 2016. That medication caused side effects that exacerbated Mr. Mackey's other symptoms, and he was not taken off that medication until November 2017.

At WVCF, Mr. Mackey was treated by Drs. Samuel Byrd and Mary Chavez and Nurse Barbara Riggs, who were employed by Corizon Health, LLC, and later Wexford Health Sources,

to treat inmates at WVCF. The complaint alleges that Drs. Byrd and Chavez and Nurse Riggs ignored and discounted Mr. Mackey's symptoms, denied him access to medical care, and performed procedures in a manner intended to cause him pain. The complaint also alleges that Dr. Byrd prescribed only a minimal course of treatment despite knowing that it had not resolved Mr. Mackey's symptoms and that Wexford refused to provide treatments, including treatments requested by Dr. Chavez, on grounds that they were too expensive.

The complaint indicates that Mr. Mackey's symptoms persist and still have not been adequately treated.

These allegations support plausible claims that Defendants Byrd, Chavez, and Riggs were deliberately indifferent to Mr. Mackey's serious medical condition in violation of the Eighth Amendment. They also support plausible claims that Mr. Mackey's Eighth Amendment rights were violated as a consequence of official policies or practices of Corizon or Wexford. These claims shall **proceed as submitted**.

### III. Duty to Update Address

Mr. Mackey shall report any change of address within ten (10) days of any change. The Court must be able to locate Mr. Mackey to communicate with him. If Mr. Mackey fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### IV. Summary of Claims and Issuance of Process

In sum, this action shall proceed with Eighth Amendment deliberate indifference claims against Defendants Byrd, Chavez, and Riggs; and Eighth Amendment policy-or-practice claims against Corizon and Wexford.

This summary of claims includes all viable claims identified by the Court. If Mr. Mackey believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through June 19, 2018**, in which to identify those claims.

The clerk is **designated** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to Defendants (1) Corizon Health, LLC; (2) Wexford Health Sources; (3) Barbara Riggs, R.N.; (4) Mary A. Chavez, D.O.; and (5) Samuel J. Byrd, M.D., in the manner specified by Federal Rule of Civil Procedure 4(d). Process shall consist of the complaint (dkt. 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this entry.

**IT IS SO ORDERED.**

Date: 5/21/2018

_Tanya Walton Pratt_
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CLINTON B. MACKEY
249602
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Barbara Riggs, R.N.
Wabash Valley Correctional Facility
6908 S. Old U.S. Hwy. 41
P.O. Box 500
Carlisle, IN 47838

Mary A. Chavez, D.O.
Wabash Valley Correctional Facility
6908 S. Old U.S. Hwy. 41
P.O. Box 500
Carlisle, IN 47838

Samuel J. Byrd, M.D.
Wabash Valley Correctional Facility
6908 S. Old U.S. Hwy. 41
P.O. Box 500
Carlisle, IN 47838

Corizon Health LLC
103 Powell Court
Brentwood, TN 37027

Wexford Health Sources
c/o Registered Agent, Douglas P. Long
500 N. Meridian Street, Suite 300
Indianapolis, IN 46204

Courtesy copies to:

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
8470 Allison Pointe Boulevard
Suite 420
Indianapolis, IN 46250

Douglass A. Bitner
Katz Korin Cunningham, P. C.
334 North Senate Avenue
Indianapolis, IN 46204