UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLINTON B. MACKEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:18-cv-00407-TWP-DLP |
| CORIZON HEALTH LLC, | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| SAMUEL J. BYRD, | ) |
| MARY A. CHAVEZ, | ) |
| BARBRA RIGGS, | ) |
| PAUL A. TALBOT, M.D., | ) |
| Defendants. | ) |

**ENTRY DENYING AS UNNECESSARY MOTION FOR EXTENSION OF TIME, GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, SCREENING AMENDED COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

This action is before the Court for resolution of Plaintiff Clinton Mackey's motion for an extension of time to file an amended complaint, Dkt. 31, and his motion for leave to file an amended complaint, Dkt. 32. In this Entry, the Court also screens Mr. Mackey's amended complaint pursuant to 28 U.S.C. § 1915A(b).

**I. Motion for Extension of Time**

Mr. Mackey's motion for an extension of time to file an amended complaint, Dkt. [31], is **denied as unnecessary**. Mr. Mackey moved for leave to file an amended complaint within the time provided by the current pretrial schedule. *See* Dkts. 29, 32.

**II. Motion for Leave to File Amended Complaint**

Mr. Mackey's unopposed motion for leave to file an amended complaint, Dkt. [32], is **granted**. The **clerk is directed** to redocket the proposed amended complaint, Dkt. 32-1, as the

amended complaint. This action **shall proceed** with the amended complaint as the operative pleading in the action.

## III. Screening

Mr. Mackey is an inmate currently confined at the Pendleton Correctional Facility (PCF). Because Mr. Mackey is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen the amended complaint before service on the defendants.

**A.    Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio,* 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

**B.    The Amended Complaint**

The original complaint asserted claims regarding Mr. Mackey's treatment for urological symptoms while confined at the Wabash Valley Correctional Facility (WVCF) and PCF between August 2015 and February 2018. A thorough discussion of the claims and allegations presented in the original complaint may be found in the Court's original screening Entry, Dkt. 10.

The amended complaint alleges that Dr. Paul Talbot consciously disregarded and refused to treat Mr. Mackey's symptoms on multiple occasions between April and August 2018. *See* Dkt. 32-1 at ¶¶ 44–46. The amended complaint also adds as a defendant "John Doe Medical Regional Director." Mr. Mackey alleges that the Medical Regional Director refused to allow Mr. Mackey to receive treatments that were recommended by Dr. Talbot and Dr. Mary Chavez. *See id.* at ¶¶ 39, 43.

## C. Claims That Shall Proceed

The amended complaint includes allegations sufficient to add to the action a claim that Dr. Talbot was deliberately indifferent to Mr. Mackey's serious medical needs in violation of his Eighth Amendment rights. Therefore, the action **shall proceed** with Eighth Amendment deliberate indifference claims against Defendants Byrd, Chavez, Riggs, and Talbot; and Eighth Amendment policy-or-practice claims against Corizon and Wexford.

This summary of claims includes all viable claims identified by the Court. If Mr. Mackey believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through December 14, 2018**, in which to identify those claims.

## D. Dismissal of Insufficient Claims

Claims against John Doe Medical Regional Director are **dismissed for failure to state a claim upon which relief can be granted** because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Suing "John Doe" defendants is generally disfavored by the Seventh Circuit. If, through discovery, Mr. Mackey can learn the name of the Medical Regional Director, he may seek leave to file an amended complaint that adds a claim against him or her.

**IV. Summary of Claims and Actions, Issuance of Process, and Further Proceedings**

Mr. Mackey's motion for an extension of time to file an amended complaint, Dkt. [31], is **denied as unnecessary**. Mr. Mackey's unopposed motion for leave to file an amended complaint, Dkt. [32], is **granted**. The **clerk is directed** to redocket the proposed amended complaint, Dkt. 32-1, as the amended complaint. This action **shall proceed** with the amended complaint as the operative pleading in the action.

The action **shall proceed** with Eighth Amendment deliberate indifference claims against Defendants Byrd, Chavez, Riggs, and Talbot; and Eighth Amendment policy-or-practice claims against Corizon and Wexford. If Mr. Mackey believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through December 14, 2018**, in which to identify those claims.

Claims against John Doe Medical Regional Director are **dismissed for failure to state a claim upon which relief can be granted**. If, through discovery, Mr. Mackey can learn the name of the Medical Regional Director, he may seek leave to add a claim against him or her.

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to Defendant Talbot in the manner specified by Federal Rule of Civil Procedure 4(d). Process shall consist of the amended complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry. The **clerk is also directed** to update the docket to reflect that Dr. Talbot is now a defendant in the action.

All the remaining defendants have already appeared in this action and will receive notice of the amended complaint on the Court's docket. Each defendant who has already appeared shall have **through November 30, 2018**, to answer the amended complaint. After all defendants have answered the amended complaint, the Court will issue an order concerning the schedule for further proceedings.

**SO ORDERED.**

Date: 11/20/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CLINTON B. MACKEY
249602
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Paul A. Talbot, M.D.
Medical Professional
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064F